IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HARLEY R. PENA,

    Plaintiff,

 v.                                                                                   No. CIV 13-0576 RB/RHS

DONA ANA COUNTY DETENTION FACILITY,
SGT. YBARRA,
CHRIS BARELA,
DADCD ADMINISTRATOR,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's original and amended civil rights complaints (together the "complaint"). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The original complaint alleges that, in 2012, Defendant Ybarra injured Plaintiff by using excessive force during an incident at the facility.  Plaintiff also alleges that his injuries worsened and he suffered unnecessary pain when medical staff denied him timely medical treatment.  In his amended complaint, Plaintiff alleges that he suffered similar abuse in an earlier incident in 2011, though he does not mention any injuries.  He also reiterates his 2012 allegations against Defendant Ybarra.  The amended complaint seeks damages and certain equitable relief.

No relief is available on Plaintiff's allegations against Defendants Dona Ana County Detention Center and Administrator Barela.  First, a "[c]ounty jail . . . is not a person or legally created entity capable of being sued."  *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000), *quoted in White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001).  Furthermore, to succeed on a complaint under § 1983, a plaintiff must allege some personal involvement by a defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a corrections official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.  *See id.*  Here, Plaintiff makes no allegations against Defendant Barela affirmatively linking him to the asserted violations.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  The Court will dismiss Plaintiff's claims against these Defendants.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Dona Ana County Detention Center and Administrator Barela are DISMISSED, and Defendants Dona Ana County

Detention Center and Administrator Barela are DISMISSED as parties to this action;

  IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint (Docs. 1, 7), for Defendant Ybarra.

*[signature]*

_____
UNITED STATES DISTRICT JUDGE