IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HARLEY R. PENA,

    Plaintiff,

v.                                                  No. 13-cv-576 RB/RHS

FNU YBARRA, Sergeant,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 18) filed May 16, 2014. Plaintiff filed his Response on August 20, 2014 (Doc. 22). Defendant's Reply was filed September 3, 2014 (Doc. 23). The Court having reviewed the Motion, Response (Doc. 22), Reply (Doc. 23), the filings on record in the above-captioned cause and relevant legal authority finds that Plaintiff failed to exhaust his administrative remedies and therefore recommends that Plaintiff's Complaint (Doc. 7) be dismissed without prejudice.

### FACTS AND PROCEDURAL HISTORY

Plaintiff was incarcerated at the Dona Ana County Detention Center ("DACDC") in Las Cruces, New Mexico at time of the alleged civil rights violations. Plaintiff's Complaint claims that his Eighth Amendment rights were violated on two separate occasions: October 30, 2011 and January 18, 2014 (Docs. 1 and 7). The allegations against Defendant Ybarra stem from the January 18, 2014 incident. Plaintiff claims that he was injured during a "shakedown," by the Special Emergency Response Team ("SERT"). The Complaint alleges that Defendant was a

member of SERT and at the time of the incident used excessive force against Plaintiff. Plaintiff filed a formal grievance with DACDC on January 18, 2012 (Doc. 18-1 at 26). The grievance was denied on January 24, 2012 (Doc. 18-1 at 27). The record reflects that Plaintiff did not file an appeal which Plaintiff concedes in his submissions to the Court.

Plaintiff filed his *pro se* lawsuit alleging excessive force claims against Defendant Ybarra in violation of the Eighth and Fourteenth Amendments (Doc. 7). Even if Plaintiff's allegations are true, Plaintiff's case is barred because he failed to exhaust his administrative remedies, and summary judgment is appropriate.

## LEGAL STANDARD

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The opposing party may not rest upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citing Fed. R. Civ. P. 56(e)). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party. Id. at 249-50 (citations omitted). Mere assertions or conjecture as to factual disputes are not enough to survive summary judgment. See Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir. 1988).

Defendants move for summary judgment. Defendants have submitted evidence that Plaintiff did not exhaust his administrative remedies prior to bringing this suit (Doc. 18).

Plaintiff does not contest any facts or substance of this evidence, but instead argues that his failure to exhaust should be excused (Doc. 22).

## ANALYSIS

### A. Plaintiff Failed To Properly Exhaust His Administrative Remedies

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). Under the PLRA, a prisoner is required to complete the administrative process regardless of whether suing for injunctive relief or money damages. A prisoner must exhaust the administrative remedies available even if the remedies appear to be futile at providing the kind of remedy sought. Patel v. Fleming, 415 F.3d 1105, 1109 (10th Cir. 2005) (citing Booth v. Churner, 532 U.S. 731, 740 (2001) (holding that where an inmate seeks damages that are unavailable, exhaustion is still required)).

Plaintiff failed to comply with the DACDC grievance procedures. In order to exhaust his administrative remedies, Plaintiff was required to follow the three-step Detainee Grievance procedure as follows: (1) informal/oral complaint; (2) formal/written grievance; and (3) captain-level appeal. While the procedure at DACDC allows inmates to skip step one, the remaining two steps are required for exhaustion. Defendant submitted records and an accompanying affidavit confirming that Plaintiff complied with step two by filing a formal/written grievance regarding the events of January 24, 2014 (Doc. 18-1). The records further reflect and Plaintiff admits that he never filed an appeal after denial of his formal grievance (Doc. 22 at 1). Therefore, Plaintiff did not exhaust his remedies.

### B. Plaintiff Was Not Prevented From Exhausting His Administrative Remedies

A prisoner will be excused from properly exhausting his administrative remedies if he was "prevent[ed], thwart[ed], or hinder[ed]" from doing so by prison officials. Little v. Jones, 607 F.3d 1245, 1250 (10th Cir. 2010). The PLRA only requires inmates to exhaust only administrative remedies that are "available." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10 Cir. 2002); 42 U.S.C. § 1997e(a). Tenth Circuit authority has held that "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy "unavailable" and a court will excuse the prisoner's failure to exhaust. Little v. Jones, 607 F.3d at 1250 (citing Lyon v. Vande Krol, 305 F.3d 806, 808 (8th Cir. 2002) (holding "that inmates cannot be held to the exhaustion requirement of the PLRA when prison officials have prevented them from exhausting their administrative remedies")).

Plaintiff argues that he was never informed about the requirement for appeal nor was he informed about the consequences of failing to appeal (Doc. 22). Plaintiff points out Lt. Hernandez's statement in the denial of Plaintiff's grievance states that "[y]ou are free to seek any legal advice or services you deem necessary" as justification for his failure to file an appeal (Doc. 18-1 at 27). Plaintiff contends that the DACDC Detainee Handbook and the DACDC Grievance Policy are incomprehensible and ambiguous (Doc. 22 at 2-3). He also states that "neither Handbook or Policy expresses" a necessity to even file a grievance (Doc. 22 at 3). Plaintiff claims that there is a "goal of preventing successful prisoner/detainee civil actions." Id. Plaintiff further states that "as a pre-trial detainee, he enjoyed less constitutional protection . . . than convicted prisoners" because he received no assistance with "the preparation of his grievance [nor was he] sufficiently apprised of the P.L.R.A." (Doc. 22 at 3). He asks that the Court disregard his failure to exhaust and allow him to pursue his grievance. Although Plaintiff

claims he was uninformed about the requirement to exhaust, the Tenth Circuit has held that the "mandatory exhaustion requirement cannot be excused on the ground that the detainee was not informed of the grievance procedure. Turrietta v. Barreras, 91 Fed. Appx. 640, 642 (10th Cir. 2004) (unpublished).  The PLRA "says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." Id. (quoting Chelette v. Harris, 229 F.3d 684, 688 (8th Cir.2000)).  Plaintiff fails to offer any evidence that would excuse his failure to exhaust.  The Court concludes that Plaintiff was not prevented from exhausting his administrative remedies.

## RECOMMENDED DISPOSITION

Plaintiff failed to exhaust his administrative remedies.  He offers no evidence to justify excusing his failure to exhaust.  The Court therefore recommends that Defendant's Motion for Summary Judgment (Doc. 18) be granted and Plaintiff's Complaint (Doc. 7) be denied and this civil proceeding DISMISSED.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition.  A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations.  If objections are not filed, appellate review will not be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE