IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HARLEY R. PENA,

    Plaintiff,

v.                                                                              No. CIV 13-576 RB/LAM

FNU YBARRA, Sergeant,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants' Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition. (Doc. 25.) Having reviewed the parties' arguments and the applicable law, the Court overrules Plaintiff's Objections and adopts the Proposed Findings and Recommended Disposition.

**I.    BACKGROUND**

Plaintiff, while incarcerated at the Doña Ana County Detention Center in Las Cruces, New Mexico, claims his constitutional rights were violated on two occasions. On January 18, 2012, Plaintiff filed a formal grievance with the Detention Center. (Doc. 18-1 at 26.) The grievance was denied. (Doc. 18-1 at 27.) Plaintiff did not appeal this denial. (Doc. 26 at 1.) Instead, Plaintiff filed a *pro se* lawsuit against Defendant alleging that Sergeant Ybarra used excessive force in violation of the Eighth and Fourteenth Amendments. (Doc. 7.)

Defendant filed a motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies. (Doc. 18.) Plaintiff opposed the motion. (Doc. 22.) On October 27, 2014, the Magistrate Judge entered his Proposed Findings and Recommended Disposition recommending that the Court grant Defendants' Motion for Summary Judgment and dismiss

Plaintiff's amended complaint. (Doc. 25.)  The Magistrate Judge found that Plaintiff failed to exhaust his administrative remedies although he was not prevented from doing so.  (Doc. 25 at 4-5.)

Plaintiff filed his Objections on November 14, 2014.  (Doc. 26.)  In his Objections, Plaintiff largely concurs with the Magistrate Judge's findings of fact and law.  (*Id.*)  However, he complains that the Detention Center's policy on grievances informs detainees that they *may* appeal denied grievances, but does not clarify that they *must* appeal their grievances in order to fully exhaust their remedies.  (*Id.*)  In light of this, Plaintiff asks the Court for time to cure his failure to exhaust.  (*Id.*)  Responding to these objections, Defendant notes that the law requires prisoner to exhaust their remedies before filing suit.  (Doc. 27.)  Defendant asks the Court to adopt the Magistrate Judge's recommendation.  (*Id.*)

## II.    STANDARD OF REVIEW

After a party objects to the magistrate judge's proposed findings and recommendations, the Court "shall make a de novo determination of those portions . . . to which objection is made." 28 U.S.C. § 636(b).  Objections must be made with specificity; general or conclusory objections are insufficient.  *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996).  "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## III.    DISCUSSION

All parties agree that Plaintiff did not exhaust his administrative remedies and that the Prisoner Litigation Reform Act ("PLRA") bars his claims.  (Doc. 26.)  Plaintiff now asks the Court to stay the case until he can cure the problem and properly exhaust his claims.  (*Id.*)  The Court, however, does not have the power to grant such a stay.

2

Under the PLRA, plaintiffs must exhaust all available administrative remedies before filing suit. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("[E]xhaustion is a prerequisite to suit."). Previously, courts were authorized to grant short stays permitting prisoners to exhaust their remedies. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). When Congress enacted the PLRA, however, it removed this provision. Now, "under the current version of the statute, which we are bound to apply, 'no action shall be brought until such administrative remedies as are available are exhausted.'" *Lee v. Benuelos*, __ Fed. App'x __, No. 14-1249, 2014 WL 6788193, at *4 (10th Cir. Dec. 2, 2014) (quoting *Garrett v. Hawk*, 127 F.3d 1263, 1265 (10th Cir. 1997)).

Although the Detention Center's grievance policy may not have been clear, that does not change the federal law's requirements. Because Plaintiff did not exhaust all his available remedies, his suit must be dismissed. The Court will dismiss the action without prejudice. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) ("A dismissal based on lack of exhaustion . . . should ordinarily be without prejudice.").

**THEREFORE**,

**IT IS ORDERED** that:

(1) Defendants' objections (Doc. 26) are **OVERRULED**;

(2) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 25) is **ADOPTED**; and

(3) Plaintiff's civil action against Defendant Ybarra is **DISMISSED** without prejudice.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**